Curia.

The objections, made to the title of the demandants, rest upon a mistaken opinion of the effect of the original attachment made by the demandants. We must consider that attachment as made at the time the return bears date ; although a memorandum only was then made of it. The arrest, subsequently made by the officer of the county of Norfolk, was void, because an attachment of property had been previously made. The service of the summons was * necessary to complete the attachment; but that service, being afterwards seasonably made, had relation to the time of the attachment.
We cannot admit, that a creditor, having obtained security for his debt by an attachment of property, can be defeated of this security by a subsequent service of the same writ, in a manner which he did not direct. The direction upon the writ was sufficient to notify the officer that an arrest was not desired. The common direction is, to attach sufficient property or hold to bail. The alternative being withholden, in this case, it was not easy for the officer to mistake the creditor’s intentions.
If the debtor has been injured by the arrest, be has his remedy by an action of trespass ; but there is no reason why an attachment, seasonably made by one creditor, should be avoided by another, by any thing done subsequently to the attachment, without the direction or consent of the attaching creditor.
The circumstances reported in the case, which go strongly to show a collusion between the second attaching creditor and the debtor, in order to supersede the first attachment, will be important, in case the debtor should sue for damages for the unlawful arrest of his body.

Judgment according to the verdict.