TRAFTON *versus* GARDINER.

The authority of an officer to arrest the body of the defendant, in an action of trespass, rests upon the want of property to be attached.

An attachment of property *and* an arrest of the body are unauthorized by the same writ.

But when a return of an attachment has been made upon the writ, the officer cannot justify a subsequent arrest of defendant, by showing that he did not own the property attached, or that it was ineffectual.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

This action was trespass for false imprisonment. With the general issue the defendant filed a brief statement, justifying the acts complained of as done in discharge of his official duties, as deputy sheriff.

The defendant had a writ in trespass against the plaintiff & al. in his hands for service, having upon it directions to attach real estate. On this writ he made the following return : —

"Kennebec ss. June 5, at 6 o'clock, P. M., 1852. I have attached all the right, title and interest that the defendants have in and unto all real estate in the county of Kennebec, and within five days filed in the office of the register of deeds for Kennebec county, a true and attested copy of this attachment, together with the date of the writ, the name of the parties, the sum sued for and the court to which the writ was returnable, and afterwards, by order of E. A. Chadwick, plaintiff's attorney, on the 12th day of October, 1852, I arrested the bodies of the defendants, and them conveyed to the county jail in Augusta and delivered them to the keeper thereof, together with a copy of this precept."

In that suit judgment was obtained and execution satisfied by a levy upon real estate attached on the writ, but it appeared that the *plaintiff* had none within the county that could be attached.

It appeared that the arrest and imprisonment of plaintiff were made in pursuance of the verbal instruction of the attorney of plaintiff in that suit.

Defendant requested the instruction that the officer was authorized by the writ to arrest the body of plaintiff and to commit him to prison, if he failed to furnish a bond for his release.

The Court declined so to instruct the jury; but did instruct them that after making the attachment, as appears by his return on the writ, the officer had no authority by virtue of said writ to arrest the body of plaintiff or commit him to prison.

The verdict was for plaintiff.

*Bradbury & Morrill,* for defendant.

1. In his precept, the officer was commanded to attach property or hold to bail. He had not executed his writ by attachment of property, and the writ had not performed its office. 25 Maine, 110, and cases there cited.

2. The officer does not, in his return, affirm that he had *actually* attached property. It is rather a statement of

what he had done, upon the supposition that plaintiff had property.

*Clay*, for plaintiff. The writ did not authorize the officer to take *both* property and the body, and when he had taken *one*, it afforded him *no authority* to take the other. The same writ cannot be used both as a capias and writ of attachment.

The return is evidence of the attachment, and that before the arrest. Having selected the mode of service, he cannot afterwards take another. *Brinly* v. *Allen*, 3 Mass. 561; *Almy* v. *Walcott*, 13 Mass. 73; *Miller* v. *Miller*, 25 Maine, 110; *Miller* v. *Scherder*, 2 Conn. 262.

SHEPLEY, C. J. — The right of a creditor to attach the property or to arrest the body of his debtor, rests upon the provisions of our statutes.

It does not appear to have been the intention to permit a creditor to take the property of a debtor from his possession, or to create a lien upon it, and at the same time to arrest his body. Hence the frame of the writ is such, that an attachment and an arrest are not commanded or authorized at the same time. This was the condition of the law, while this State composed a part of the Commonwealth of Massachusetts. *Almy* v. *Walcott*, 13 Mass. 73.

In this case the defendant, as a deputy of the sheriff, made his return on a writ in favor of William C. Watson against the plaintiff and William Trafton, that he had on June 5, 1852, attached all the right, title and interest of the defendants in all real estate in the county, and that he had within five days filed with the register of deeds a regular notice of it. On October 12, 1852, he also returned on the same writ that he had arrested the bodies of the defendants and committed them to prison.

The plaintiff did not prove to have had any real estate in the county liable to be attached. But the authority of the officer to arrest the body was not made to depend upon the fact, that the property attached was owned by the debtor,

or upon the fact that the attachment should prove to be effectual, but upon the want of property to be attached. And that want cannot be alleged to exist, when an attachment of property has been returned upon the writ.

*Exceptions overruled.*

TENNEY, J., was not present at the hearing and took no part in the opinion.